# United States Tax Court

T.C. Memo. 2025-132

IGNACIO MONTES G AND ALBERTO YANEZ A,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

———————

Docket No. 4951-23.                    Filed December 23, 2025.

———————

*Timothy R. Carter*, for petitioners.

*John M. Duddles*, *Brian A. Pfeifer*, *Michael Skeen*, and *Jo S. Won*, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

JENKINS, *Judge*: For petitioners' 2020 tax year, the Internal Revenue Service issued a Notice of Deficiency reflecting the determination of a federal income tax deficiency of $10,697 and an accuracy-related penalty under section 6662(a)[1] of $2,139. After concessions, as described more fully herein, the issue left for determination in this case is whether C.M.[2] was a qualifying child within the meaning of section 152(c) with respect to petitioners.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2] It is the Court's policy to refer to a minor by the child's initials. *See* Rule 27(a)(3).

[*2]                       FINDINGS OF FACT

The following facts are based on the First Stipulation of Facts and the Exhibits thereto, the Stipulation of Settled Issues, and the testimony at trial. Petitioners resided in California when their Petition in this case was timely filed.

I.    *2020 Tax Returns*

Petitioners, Ignacio Montes Gonzalez (Montes G) and Adalberto Y Yanez Alvarenga (Yanez A), filed multiple federal income tax returns for the 2020 tax year, varying the dependents reported on those returns. Montes G filed his original Form 1040, U.S. Individual Income Tax Return, on or before April 15, 2021. It claims head of household filing status, and it lists C.C. (subsequently referred to as C.M.) as a nephew qualifying for a child tax credit and Y.S. (subsequently referred to as Y.R.) as a foster child qualifying for a credit for other dependents. An amended return by Montes G also claims head of household filing status, and it lists C.M. as a nephew qualifying for a child tax credit, Y.R. as a foster child qualifying for a credit for other dependents, and, additionally, E.P. as a nephew qualifying for a child tax credit.

Yanez A also filed Form 1040 on or before April 15, 2021. It also claims head of household filing status, and it lists A.A.R. as a son qualifying for a child tax credit. In addition to their individual returns, Montes G and Yanez A prepared a return for the 2020 tax year claiming the married filing jointly filing status, dated May 5, 2022. The joint Form 1040 lists C.M. as a nephew qualifying for a child tax credit, Y.R. as a foster child qualifying for a credit for other dependents, and A.A.R. as "other," qualifying for a credit for other dependents. It does not list E.P. It also adds a $300 deduction on Line 10b, Charitable contributions if you take the standard deduction.

II.   *Notice of Deficiency and Concessions*

On November 18, 2022, respondent issued a Notice of Deficiency to petitioners that makes adjustments to the amounts reported on the amended return filed by Montes G, adding to his income the income of Yanez A. It also disallows the credit for other dependents, the earned income credit, the refundable child tax credit, and the recovery rebate

**[\*3]** credit, explaining that qualifying children and dependents are disallowed.[3]

The parties' Stipulation of Settled Issues indicates the parties' agreement that (1) the section 6662(a) penalty does not apply; (2) Y.R. was a qualifying relative but was not a qualifying child; and (3) E.P. could not be claimed as either a qualifying child or a qualifying relative. Petitioners further conceded that A.A.R. was not a qualifying child or a qualifying relative, and respondent conceded that C.M. satisfied all the requirements to be a qualifying child other than the requirement that he have the same principal place of abode as petitioners for more than one-half of 2020.

III.    *Petitioners' Testimony*

Montes G testified that he has always provided economic support for various nieces and nephews. C.M. was born in Texas, and therefore is a U.S. citizen, but grew up in Mexico. Montes G testified that C.M.'s school in Mexico closed in December 2019, and, because he could not go to school there, C.M. came to the United States. As to the lack of documentation of C.M.'s coming to live with petitioners, Montes G testified that his niece brought C.M. to live with petitioners by driving him across the border because C.M. had no passport and therefore could not fly. He further testified that C.M. lived with petitioners from February 2020 through December 24, 2020, and that C.M. returned to Mexico just in time for Christmas. As to the lack of documentation of C.M.'s living with petitioners, Montes G explained that he did not enroll C.M. in school in the spring of 2020 because all of the schools were closed for in-person learning as a result of the COVID-19 pandemic. Montes G further testified that he did not enroll C.M. in school in the fall of 2020, despite C.M.'s not returning to Mexico until December, because C.M. did not want to attend school.

Yanez A testified that he remembered C.M.'s living with them in 2018, 2019, or 2020, but he was not sure when specifically C.M. was in the home. When asked about when C.M. lived with petitioners in relation to when the pandemic was occurring, Yanez A simply stated that he did not spend much time thinking about the illness. Neither petitioner provided additional testimony to substantiate the claim that

---

[3] With respect to the earned income credit, the Notice of Deficiency explains that it is disallowed because petitioners' filing status was changed to married filing separately, even though the Notice also explains that petitioners' filing status per the examination is joint.

**[\*4]** C.M. was domiciled with petitioners from February 2020 to December 2020.

OPINION

I.  *Burden of Proof*

In general, the Commissioner's determination set forth in a Notice of Deficiency is presumed correct, and the taxpayer bears the burden of showing the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on a return. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992).

Under certain circumstances the burden of proof as to factual matters shifts to the Commissioner pursuant to section 7491(a). The burden of proof has not shifted to respondent with respect to any of the issues in this case because petitioners have not satisfied the requirements of section 7491(a). Accordingly, petitioners bear the burden of showing that they are entitled to credits on the basis of treating C.M. as a qualifying child.

II.  *Qualifying Child*

A qualifying child with respect to a taxpayer must (A) bear a specified relationship to the taxpayer; (B) share the same principal place of abode as the taxpayer for more than one-half of the tax year; (C) meet specific age requirements; (D) not have provided over one-half of his or her own support for the calendar year in which the tax year of the taxpayer begins; and (E) generally not have filed a joint return with a spouse for such calendar year. § 152(c)(1). As noted, respondent concedes that all but one of the requirements are satisfied with respect to C.M.; respondent maintains that C.M. did not have the same abode as petitioners for more than one-half of the tax year as required by section 152(c)(1)(B). Respondent notes that petitioners are unable to produce documentation to show that C.M. resided with them for more than one-half of the 2020 tax year. Petitioners argue that C.M. nevertheless satisfies the primary abode requirement.

In deciding whether a taxpayer has carried his burden of proof, the Court considers the credibility of the witness(es) giving testimony. "As a trier of fact, it is [the Court's] duty to listen to the testimony, observe the demeanor of the witnesses, weigh the evidence, and

**[\*5]** determine what [the Court] believe[s].” *Kropp v. Commissioner*, T.C. Memo. 2000-148, 2000 WL 472840, at \*3. “[T]he distillation of truth from falsehood . . . is the daily grist of judicial life.” *Diaz v. Commissioner*, 58 T.C. 560, 564 (1972). In *Neonatology Associates, P.A. v. Commissioner*, 115 T.C. 43, 84 (2000), *aff’d*, 299 F.3d 221 (3d Cir. 2002), the Court outlined how it may determine credibility: “The mere fact that one party presents unopposed testimony on his or her behalf does not necessarily mean that the elicited testimony will result in a finding of fact in that party’s favor.” The Court has elaborated on the overall credibility of a witness: “We will not accept the testimony of witnesses at face value if we find that the outward appearance of the facts in their totality conveys an impression contrary to the spoken word.” *Id.*

The history with respect to petitioners’ returns, including their eventually conceded claims with respect to two other dependents, raises initial concerns about their credibility. Such concerns are compounded by the vagueness and inconsistency of their testimony. Accordingly, this Court finds petitioners’ testimony regarding C.M.’s residence with them not credible. Given the complete lack of documentation with respect to such residence, this Court concludes that petitioners have not satisfied the burden of establishing that C.M. was a qualifying child for the 2020 tax year.

III.    *Credits*

Section 24(a) allows a tax credit of a specified amount with respect to each qualifying child of a taxpayer. As pertinent in this case, section 24(c)(1) provides that, for purposes of section 24, “qualifying child” means an individual under age 17 who is a qualifying child of the taxpayer as defined in section 152(c). Section 32(a)(1) permits an eligible individual an earned income credit against the individual’s tax liability. As pertinent to this case, the term “eligible individual” is defined to include “any individual who has a qualifying child for the taxable year.” § 32(c)(1)(A)(i). A qualifying child is a child of the taxpayer as defined in section 152(c), subject to modifications. § 32(c)(3)(A). Section 6428(a) permits an eligible individual a recovery rebate tax credit against the individual’s tax liability for the first taxable year beginning in 2020. This credit equals a sum of $1,200 ($2,400 in the case of eligible individuals filing a joint return), plus an additional $500 for each qualifying child (within the meaning of section 24(c)). § 6428(a). As discussed *supra* Opinion Part II, petitioners have not shown that C.M. is their qualifying child within the meaning of section 152(c) or,

**[\*6]** accordingly, within the meaning of section 24(c), *see* § 24(c)(1). Therefore, petitioners have not established that C.M. is a qualifying child for the purposes of sections 24, 32, and 6428. Accordingly, petitioners have not met their burden of establishing their entitlement to a child tax credit, an earned income credit, or a recovery rebate credit with respect to C.M. for the 2020 tax year.

IV.   *Conclusion*

For the reasons discussed herein, this Court concludes that C.M. was not a qualifying child with respect to petitioners for the 2020 tax year. Accordingly, considering concessions, petitioners are entitled only to the amounts of credit for other dependents, earned income credit, and recovery rebate credit determined by taking into account Y.R.'s status as a qualifying relative with respect to petitioners. This Court has considered all the arguments made by the parties, and, to the extent they are not addressed herein, deems them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*